PROPER SPIRIT TRADING CORPORATION, Respondent, *v.* ABE SCHILO-WITZ, Appellant, and FRANK BLAVATNICK, Defendant.

Supreme Court, Appellate Term, First Department, May 14, 1931.

*Stern & Scharf [Samuel Stern of counsel]*, for the appellant.

*Belenken & Urovsky [Saul Bernstein of counsel]*, for the respondent.

PETERS, J. Plaintiff, a business corporation organized under article 2 of the Stock Corporation Law, has recovered judgment against appellant Schilowitz, one of two indorsers on a promissory note in the sum of $750 made by one Arthur Weber to bearer. Appellant claims that plaintiff corporation violated section 18 of the General Corporation Law of 1929 (as renum. and amd. by Laws of 1929, chap. 650) and section 140 of the Banking Law when it loaned money on the promissory note in question, and

that as a result of such violations the note in question is void. Appellant insists that the transaction in question was the discounting of a note by a domestic business corporation, prohibited by the statutes above referred to from engaging in the business of discounting bills and employing any part of its property in making discounts, while plaintiff insists that the transaction was the purchase of a note and, therefore, legal. Counsel for both parties rely upon the authority of *Meserole Securities Co.* v. *Cosman* (253 N. Y. 130) to support their contention. In that case the Court of Appeals held that the purchase, from an indorser, by a business corporation of two notes in the sum of $4,400 each, with interest at the rate of six per cent per annum, for the sum of $8,000, was the purchase of the notes and not a discounting of the same. In the case at bar the note in question was delivered to plaintiff by the maker and not by appellant indorser. In deciding this case we must be guided by the decision of the Court of Appeals as to what constitutes a discount or a loan. In the case cited (p. 142) the court said: " It is the function of a bank of discount to employ its funds in the form of loans or advances to its customers, receiving compensation in the form of interest upon the moneys loaned or advanced. Such loans or advances are made upon the credit of the customers, either with or without the credit of other parties in addition. If it makes such a loan or advance in the form of a discount of a bill or note, payable at a future date, it pays to the maker or holder the face amount of the instrument after deducting interest for the use of the money till the date when the instrument is payable. Where such payment by the bank constitutes the consideration for the execution of the bill or note, the transaction is, both in form and in fact, a loan."

Plaintiff, through Abraham Turcowitz, vice-president of the plaintiff, introduced the note in evidence and rested. Arthur Weber, the maker of the note, on behalf of the appellant, testified that he went to the place where the corporation had its office and where the board of directors met once a week and asked Turcowitz if he could make a loan of $750. He was told he could have the loan if he purchased shares of the plaintiff corporation and was given a blank application which he filled in. Turcowitz said that the plaintiff might not have all of that amount. The names of two indorsers or comakers were demanded, and Weber gave the name of appellant and one other. At the same time he signed the note which, he says, was blank except for the printing contained thereon. He was also told that the indorsers would be investigated and he would be notified when to come for the loan. Weber returned about two weeks later and was told by Turcowitz that he would

have to wait several weeks more because there were other applications ahead of his, as the applications were handled according to the way they came in. He called a third time, about two weeks later, when the directors of the plaintiff were in session. Turcowitz went into the meeting, returned to Weber and said, "All right." He made out a check, went into the meeting room again, and had it signed. Plaintiff received from Weber interest on the note for one year at six per cent, plus investigation charges and $200 which Weber owed plaintiff on a prior loan. The evidence is not quite clear whether Weber gave plaintiff his check for these items or whether the total amount was deducted and Weber received a check for the balance. Weber testified that he went through the same procedure in obtaining the prior loan. He was given a pass book to show payments made by him on account of the loan, the amount of money he had on shares, the rules of the company and fines imposed, if any.

The court erroneously excluded evidence offered by appellant to show that the business carried on by plaintiff was that of lending money on notes. Enough evidence is in the record, however, to show the nature of the business carried on by plaintiff and the nature of the transaction in question, especially in view of the fact that plaintiff introduced no evidence whatsoever to show that it carried on any other business.

On this record we are of opinion that plaintiff employed its property, or at least a part of it, in the business of making discounts, and that the transaction in question constitutes a loan by the plaintiff to Weber through the discounting of his note at the legal rate of interest, and not the purchase of a note for profit. (*Meserole Securities Co.* v. *Cosman, supra.*) Consequently the note is void and the judgment must be reversed.

It is to be noted that plaintiff was also exercising powers granted to personal loan companies and to credit unions by articles IX and XI of the Banking Law and was carrying on in part a business similar to that carried on by such corporations, all in violation of section 18 of the General Corporation Law.

Judgment reversed, with thirty dollars costs, and complaint as to defendant Abe Schilowitz dismissed on the merits, with costs.

All concur; present, LEVY, CALLAHAN and PETERS, JJ.